## Clay, Insurance Commissioner, v. Employers' Indemnity Company of Philadelphia.

(Decided February 3, 1914.)

### Appeal from Franklin Circuit Court.

1. Statutes—Construction.—Generally the purpose of a proviso in a statute is to except something out of or put some limitation upon the general terms employed therein, although it is sometimes interpreted as placing a condition upon the previous provisions of the Act; but whether it is used in the one sense or the other must be determined from the context and general purpose of the statute.

2. Insurance, Indemnity—Foreign Insurance Companies—Sections 687 and 693, Kentucky Statutes.—The requirement of section 693, Kentucky Statutes, that all foreign insurance companies doing business in this State shall have $150,000 paid-up stock when construed in connection with the proviso thereto, that a company undertaking to do certain kinds of insurance named in the second clause of section 687 may do so by making the deposits therein required, means to except out of the general provisions of section 693 the companies doing that class of insurance, and the requirement as to the $150,000 paid-up stock does not apply to such companies.

3. Corporations—Foreign Company Not Authorized to Transact Business Under More Favorable Conditions than Domestic Company.—Under the provisions of section 202 of our constitution, no foreign company can be authorized to transact business under more favorable conditions than domestic companies.

JAMES GARNETT, CHARLES H. MORRIS for appellant.

HELM BRUCE and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Under Kentucky Statutes (section 753) the Insurance Commissioner of this State is authorized when in his opinion a foreign insurance Company has failed to comply with the law to revoke its license, and this action

was instituted by appellee seeking to enjoin the commissioner from revoking its license to do business in this State as it alleges he has threatened to do.

The petition alleges in substance, that appellee is a Pennsylvania corporation, and authorized by its charter to make, and is making certain of the kinds of insurance included in class No. 1 of the second clause of section 687 of the Kentucky Statutes, but is not making any other kind of insurance named in said second clause; that it has on deposit with the chief financial officer of the State of Pennsylvania the sum of $100,000 which is and has always been invested as required by law, but that it does not possess and has never possessed exceeding $100,000 of capital stock paid-up and unimpaired; but had complied with all the requirements of the laws of this State necessary to authorize it to do business therein, as aforesaid, unless the fact that it has not a capital of $150,000 of paid-up stock is a necessary requirement.

To this petition the appellant demurred, and the lower court overruled his demurrer, and upon his failure to plead further entered a judgment enjoining him as prayed for.

The question is whether a foreign company doing indemnity insurance alone in this State is required to have a paid-up capital stock of $150.000; and the determination of that question involves the interpretation of sections 687 and 693 of the Kentucky Statutes, each of which are embraced under the heading of "Insurance Other Than Life."

Section 687, insofar as it is applicable, is as follows:

"It shall be lawful for any company organized under this law"; * * *

"Second. To make any of the following kinds of insurance; (1) upon the health of persons, or against injury, disablement, or death of persons resulting from traveling or general accidents by land or water, and against the liability of employers for injuries to persons in their employment. * * * No company doing business in this State shall undertake to do more than one of the several kinds of insurance named in the second clause of this section, unless said company shall first have on deposit, with the Treasurer of this State, or the Insurance Commissioner or chief financial officer of some other State of the United States, the sum of one hundred thousand dollars, and an additional sum of fifty

thousand dollars for each additional kind of insurance more than one herein named that such company may undertake in this State; and said deposit shall be invested as required by law.''

Section 693, insofar as it is necessary to quote it, is as follows:

''It shall not be lawful for any foreign insurance company, association or partnership organized or associated for any purposes specified in this law, directly or indirectly, to take risks or to transact any business of insurance in this State, unless, if a stock company, it is possessed of the amount of one hundred and fifty thousand dollars of actual capital paid up and unimpaired, or, if a mutual company, net assets amounting to one hundred and fifty thousand dollars: Provided, That a company undertaking to do any of the several kinds of insurance named in the second clause of section 687 of this subdivision, may do so by making the deposit or deposits therein provided for.''

The whole question turns upon what is the correct interpretation of the proviso of section 693, or rather whether it was the office of that proviso to operate as a condition precedent to the right of the foreign insurance companies of the class named to do business in this State that they should have made the deposits, or whether it was intended to be an exception to or limitation upon the operation of the previous words of that section as to the amount of capital stock required.

It is the contention of appellant that it means the former, and of appellee that it means the latter.

Generally speaking the office of a proviso is to except something out of, or put some limitation upon the general terms employed in the statute of which it is a part, although it is sometimes interpreted as placing a condition upon the previous provisions. But, whether it is used in the one sense or the other must in all cases be determined from the context and general purpose of the act of which it is a part.

In this case to construe the proviso quoted to be only a condition upon which foreign companies might transact business in this State by making the deposits referred to therein, would be to treat the whole proviso as meaningless and surplusage; for it had already been previously provided in section 687, that the deposits re-

ferred to in the proviso should be made by the class of companies doing that character of insurance.

But, in this case to treat the proviso as an exception is to give it its natural meaning as may be gathered from the context. So treating it, it merely means that the Legislature intended that a company doing the several kinds of insurance named in the second clause of section 687 might do so by making the deposits therein provided for whether it had $150,000 paid up capital or not.

Manifestly the Legislature did not intend to require of foreign companies doing this kind of business that they should have a capital stock of $150,000 paid up and unimpaired, and *in addition* make a deposit of $100,000, but intended a limitation upon the requirement as to the amount of capital stock by companies doing "the several kinds of insurance named in the second clause of section 687" if the required deposits were made.

This interpretation is strengthened by the fact that companies doing the kinds of business named in the first clause of section 687 are not required to make the deposits, but are expressly required under section 693 to have the $150,000 capital stock, and it is clear that it was the purpose of the proviso of that section to limit the provision as to the amount of capital stock as to such companies required to make the deposits. This interpretation is further fortified by the fact that it has been heretofore so construed and acted upon by the Insurance Department of this State.

Domestic insurance companies under our statute who do this character of insurance are required to have at least $50,000 paid up capital, and it is argued that if appellee's interpretation of the statute is correct that a foreign company with less than $50,000 paid up capital may come into this State and do business in competition with domestic companies which are required to have $50,000 paid up capital. But, this cannot be, for it is expressly provided by section 202 of our Constitution that no foreign company shall be authorized to transact business in this State under more favorable conditions than domestic companies. It is impossible under the provisions of that section of the Constitution that there could be any discrimination against a domestic company.

The judgment of the circuit court being in conformity with these views is affirmed.